1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY K. ADAMSON,                )
                                   )
                    Plaintiff,     )     Case No. 2:11-cv-00781-JCM-CWH
                                   )
vs.                                )     **ORDER**
                                   )
                                   )
AMATI, *et al.*,                   )
                                   )
                    Defendants.    )
_____    )

This matter is before the Court on Plaintiff's Motion for Reconsideration (#4), filed March 2, 2012.  Citing additional financial information not included in the original application to proceed *in forma pauperis*, Plaintiff asks the Court to reconsider its order recommending denial of the *in forma pauperis* application and requiring Plaintiff to pay the filing fee of $350.00.

A Court may exercise its inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment.  *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case.  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.

A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985).  A motion for

reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

After review, the Court finds that the newly disclosed information contained within Plaintiff's motion would have been material to review of Plaintiff's original application to proceed *in forma pauperis*. Consistent with the Local Rules, the Court will require Plaintiff to resubmit a <u>fully</u> <u>complete</u> application to proceed *in forma pauperis*. *See* LSR 1-1 ("Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses and liabilities.").

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#4) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff will have until **Friday, June 8, 2012**, to do one of the following: (1) pay the full filing fee of $350.00, or (2) file a fully completed application to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely comply with this order may result in the recommendation that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff the approved form for an application to proceed *in forma pauperis* and instructions for the same. The Clerk shall retain Plaintiff's complaint, but shall not file it at this time.

DATED this 2nd day of May, 2012.

C.W. Hoffman, Jr.
United States Magistrate Judge

2