UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREGORY K. ADAMSON,<br><br>         Plaintiff,<br>   v.<br><br>AMATI, et al.,<br><br>         Defendants. | Case No. 2:11-cv-00781-MMD-CWH<br><br>ORDER |

Plaintiff initiated this action by filing his application to proceed in forma pauperis ("IFP") on May 13, 2011. (Dkt. no. 1.) It took over three years, and after numerous extension requests and motion for reconsideration of denial of his IFP application, before Plaintiff paid the filing fees. (Dkt. no. 18.) Following service of process, Defendant Brian Smith filed a motion to dismiss for insufficient service of process (dkt. no. 36) and certain of the remaining defendants moved for partial dismissal (dkt. no. 38).[1] In response, Plaintiff filed a consolidated motion ("Motion") seeking the following reliefs: (1) stay of proceedings indefinitely (dkt. no. 45); (2) the City Defendant to make funds available to Plaintiff (dkt. no. 46); (3) court issuance of subpoena to compel production of video and related records (dkt. no. 47); (4) scheduling of settlement conference (dkt. no. 48); and

---

[1] Defendant City of Las Vegas ("the City Defendant") has filed its Answer to Civil Rights Complaint. (Dkt. no. 43.) Plaintiff indicates that he assumed he has been given an extension to file a reply. (Dkt. no. 45 at 7.) No extension has been granted. More importantly, the procedural rules do not provide for a response or reply to be filed in response to a defendant's answer to a complaint.

1  (5) determination of Plaintiff's competency (dkt. no. 49).[2] Defendants have filed a
2  response (dkt. no. 50) and Plaintiff has filed a reply (dkt. no. 52).

3  Plaintiff's Motion is premised primarily on Plaintiff's claim that he is too
4  incompetent to proceed and needs financial assistance with treatment. Plaintiff alleges
5  that his incompetency is a result of injuries inflicted by Defendants. (Dkt. no. 45 at 1.)

6  A party proceeding pro se in a civil lawsuit is entitled to a competency
7  determination when substantial evidence of incompetence is presented. *Allen v.*
8  *Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). Here, Plaintiff has not presented
9  evidence, let alone substantial evidence, of incompetence, to support his request for the
10 Court to determine his competency to warrant staying this case for an indefinite period or
11 to appoint a guardian ad litem. Plaintiff contends he suffered "head and body pain day
12 and night and sleep has been compromised leading to a severe condition cognitively
13 that leaves the plaintiff unable to adequately comprehend the documents" filed in this
14 case. (Dkt. no. 45 at 1.) Plaintiff claims without any support that he suffered from:
15 "PTSD, ADHD, Brain Disorder, memory loss, dyslexia, depression, confusion and sleep
16 deprivation and other symptoms." (*Id.* at 5.) Plaintiff claims the medical record he has,
17 and would file if the Court so requests, does not "explain the total health care picture that
18 a future specialist will write." (*Id.* at 4.) Plaintiff points to a medical report he allegedly
19 filed in 2010 where a neuropsychologist "clearly" showed the "mental cognitive
20 dysfunction" he suffered in 2010. (*Id.*) Without any supporting evidence, the Court has
21 no basis to determine Plaintiff's competency or to make further inquiry as to his
22 competency.[3]

23 As to Plaintiff's request for funds from the City Defendant, Plaintiff is not legally
24 entitled to advanced funds from the City Defendant. Plaintiff may be able to recover as

---

26 [2]These motions are identical, but were filed as separate motions pursuant to Special Order No. 109, Sect. F(III)(4). For ease of reference, this Order cites to the first
27 of these motions (dkt. no. 45).

28 [3]Indeed, Plaintiff has demonstrated that he is able to present his arguments to the Court in a coherent manner.

damages expenses relating to treatment of injuries allegedly caused by Defendants if he prevails at the conclusion of the lawsuit. However, the relief he seeks against the City Defendant — funds to pay for treatment and travel expenses while this action is pending — is not available.

Plaintiff requests that the Court direct the City Defendant to produce a video of his booking and related records. However, Plaintiff needs to proceed through normal discovery and, in the event a dispute arose as to these records, Plaintiff may then seek Court intervention through a motion to compel production.

Plaintiff further requests that the Court schedule a settlement conference. Defendants oppose, arguing that a settlement conference before commencement of discovery is premature. In light of Defendants' response, the Court declines to schedule a settlement conference at this time.

It is therefore ordered that the following motions are denied: (1) stay of proceedings indefinitely (dkt. no. 45); (2) the City Defendant to make funds available to Plaintiff (dkt. no. 46); (3) subpoena of video and related records (dkt. no. 47); (4) scheduling of settlement conference (dkt. no. 48); and (5) determination of Plaintiff's competency (dkt. no. 49). It is further ordered that Plaintiff has up to and including August 28, 2015 to respond to the two pending motions to dismiss (dkt. nos. 36, 38). This new deadline gives Plaintiff months of additional time. The Court will therefore not grant any further request for extension of time for Plaintiff to respond to these two motions.

DATED THIS 28th day of July 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE