UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY K. ADAMSON,<br><br>      Plaintiff,<br> v.<br>AMATI, et al.,<br><br>      Defendants. | Case No. 2:11-cv-00781-MMD-CWH<br><br>ORDER |

## I. SUMMARY

Plaintiff, who is proceeding *pro se*, asserts claims under 42 U.S.C. 1983. Every filing seems to generate a request for extension of time. In fact, Plaintiff has made repeated requests for extensions of time such that over four years into the lawsuit, no progress has been made towards final resolution. This Order addresses two motions to dismiss, a consolidated motion seeking various relief, and yet another motion for extension of time.

## II. RELEVANT BACKGROUND

### A. Factual Allegations

The following facts are taken from the Complaint. Plaintiff's claims are based on alleged incidents that occurred as a result of his detention from May 13, 2009, to May 19, 2009, and from May 6, 2010, to May 14, 2010. (Dkt. no. 19 at 1.) Plaintiff alleges that he was falsely arrested for driving under the influence and while in detention, he was assaulted by two booking officers and was denied proper medical care, including care

necessitated by his disability. (*Id.* at 6-10.) Plaintiff was apparently subsequently convicted. (*Id.*) He also makes allegations relating to his right to a speedy trial and to claims of inadequate legal representation by appointed counsel. (*Id.* at 9-11.) Plaintiff asserts five counts. (*Id.* at 7-11.)

### B. Procedural History

Plaintiff initiated this action by filing his application to proceed *in forma pauperis* ("IFP") on May 13, 2011. (Dkt. no. 1.) It took over three years, and after numerous extension requests and motion for reconsideration of denial of his IFP application, before Plaintiff paid the filing fees on July 11, 2014. (Dkt. no. 18.) Plaintiff had until November 8, 2014, to serve proof of service of the Summons and Complaint. (Dkt. no. 19.) Plaintiff then requested and was granted two extensions and filed this proofs of service about five months later on April 2, 2015. (Dkt. nos. 21, 25.) In sum, it took almost four years from the initiation of this action for Plaintiff to serve Defendants.

Following service of process, Defendant Brian Smith filed a motion to dismiss for insufficient service of process ("Smith's Motion") (dkt. no. 36) and certain of the remaining defendants (collectively, "City Defendants") moved for partial dismissal ("Defendants' Motion") (dkt. no. 38). Plaintiff requested a 90-day extension of time to respond to these motions. (Dkt. no. 41.) The Court granted him a 45-day extension. (Dkt. no. 42.) Plaintiff then filed a consolidated motion seeking the following relief: (1) stay of proceedings indefinitely (dkt. no. 45); (2) Defendant to make funds available to Plaintiff (dkt. no. 46); (3) court issuance of subpoena to compel production of video and related records (dkt. no. 47); (4) scheduling of settlement conference (dkt. no. 48); and (5) determination of Plaintiff's competency (dkt. no. 49). The Court denied his consolidated motion, and gave Plaintiff an additional 30 days to respond to the pending motions to dismiss. (Dkt. no. 53.) The Court warned that it would not grant any further extension of time. (*Id.* at 3.)

Plaintiff then filed another consolidated motion ("Consolidated Motion") where he essentially reiterated some of the requests presented in the earlier consolidated motion:

(1) competency evaluation (dkt. no. 54); (2) stay of Defendants' motions to dismiss (dkt. no. 55); (3) Rule 17(c) protection (dkt. no. 56); (4) appointment of counsel (dkt. no. 57); and (5) change of judge (dkt. no. 58). After Defendants filed their response, Plaintiff filed a motion for extension of time ("Motion for Extension") (dkt. no. 60), questing an additional 60 days to file his reply in support of his Consolidated Motion. (Dkt. no. 60.) Defendants opposed Plaintiff's Motion for Extension. (Dkt. no. 61.) In reply in support of his Motion for Extension, Plaintiff essentially argues the merits of his claims. (Dkt. no. 63.) Plaintiff has not filed his reply brief in support of his Consolidated Motion even though it has been more than 60 days since his Motion for Extension was filed.

The Court will address the Motion for Extension and the Consolidated Motion first before turning to Defendants' motions to dismiss.[1]

## III. MOTION FOR EXTENSION

Plaintiff fails to offer good cause to support his Motion for Extension. Indeed, instead of spending time to prepare his reply in support of his Consolidated Motion, Plaintiff wrote a 9 page reply to his Motion for Extension to address the merits of his claims. The Court will deny Plaintiff's Motion for Extension.

## IV. CONSOLIDATED MOTION

Plaintiff's Consolidated Motion reiterates his request to stay proceedings and for competency determination. The Court had denied these requests. (Dkt. no. 53.) Plaintiff cannot simply file another motion asking for the same relief when he disagrees with the Court's decision. Proceeding *pro se* does not entitle Plaintiff to ignore the same rules of procedure that govern other litigants. *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165 (1985).

To the extent Plaintiff is seeking reconsideration of the Court's decision to deny a competency evaluation and to stay proceedings, he offers no valid reason for the Court

---

[1] Because the Court denies Plaintiff's request to stay the motions to dismiss, these motions are essentially unopposed. However, the Court declines to grant them as unopposed but will address the motions on their merits, particularly in light of Plaintiff's *pro se* status.

to reconsider its decision. A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005). Plaintiff may disagree with the Court's reasoning. However, mere disagreement with an order is an insufficient basis for reconsideration. The Court declines to reconsider its decision to deny a competency evaluation and to stay this case.

The Court has not determined that Plaintiff is incompetent. Plaintiff's request for protection under Fed. R. Civ. P. 17(c), which permits a representative to sue on behalf of an incompetent person, is therefore denied.

Plaintiff asks the Court to appoint counsel to represent him.[2] However, generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While the Court is able to request an attorney for a plaintiff proceeding *in forma pauperis* in exceptional circumstances, 28 U.S.C. § 1915(e)(1), Plaintiff has not been granted *in forma pauperis* status. Accordingly, Plaintiff's request that the Court appoint him counsel is denied.

V.   DEFENDANTS' **MOTION**

Defendants' Motion raises two main grounds for dismissal: (1) the Las Vegas Municipal Jail is not a suable entity; and (2) service of process on the following City

---

[2] Plaintiff cites to the Criminal Justice Act ("CJA") as support for his request. (Dkt. no. 54 at 7.) However, the CJA provides for appointment of counsel to represent a defendant only in criminal proceedings. *See* 18 U.S.C. § 3006A.

4

Defendants who are either current or former employees of the City of Las Vegas ("City Employees") was improper: Detention Officer Amati, Detention Officer Sergeant Bennell, Booking Detention Officer Burke, Department of Detention and Enforcement Chief Karen M. Coyne, and Detention Classification Officer Roy. (Dkt. no. 38.)

The Complaint names "Las Vegas, Nevada Municipal Jail" ("the Municipal Jail") as a defendant. (Dkt no. 19 at 2.) City Defendants argue that the Municipal Jail lacks the capacity to be used under Nevada law. The Court agrees.

Fed. R. Civ. P. 17(b)(3) provides that the capacity to be sued is determined under the law of the state where the court is located. Under Nevada law, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes,* 912 P.2d 816, 819 (Nev. 1996). NRS § 41.032(2) authorizes lawsuits against "the State or any of its agencies or political subdivision." However, this authorization has not been extended to a department of a municipality. *See Wayment*, 912 P.2d at 819 (finding that Washoe County District Attorney's office is not a suable entity); Schneider v. Elko County Sheriff's Dep't 17 F.Supp.2d 1162, 1164 (D. Nev. 1998) (a sheriff's department is not a political subdivision of the state). Because the Municipal Jail is a department of the City of Las Vegas, it is not a suable entity.[3] The Court will dismiss claims against the Municipal Jail.

Next, City Defendants seek to dismiss the City Employees pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. City Defendants contend that Plaintiff failed to serve them pursuant to Rule 4, but instead "dumped an entire stack of summons and complaints on the desk of the Las Vegas City Clerk. (Dkt. no. 38 at 6.) The proofs of service on the City Employees all indicate they each were served by leaving a copy of the Summons and Complaint with "Debra Outland as Deputy City Clerk." (Dkt. nos. 26, 29, 32, 33, 34.)

///

///

---

[3]Plaintiff has properly named the City of Las Vegas as a defendant.

Rule 4(e) provides that individuals may be served by following state law or by any of the following methods: personal delivery to the individual; leaving a copy at the individual's "place of dwelling or usual place of abode with someone of suitable age and discretion;" or delivering a copy to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Nevada law provides for similar methods of service. *See* Nev. R. Civ. P. 4(d)(6). Plaintiff did not utilize these methods of service to serve the City Employees. Accordingly, Plaintiff has failed to comply with Rule 4.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). While a court does not have jurisdiction over a defendant who has not been properly served under Fed. R. Civ. P. 4, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (finding that service of process on the receptionist in a shared office was sufficient to create personal jurisdiction over the corporation defendant); *see Murphy Brothers,* 526 U.S. at 350 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.")

The Court cannot conclude that the City Employees have had sufficient notice of the Summons and Complaint. However, the Court finds it would be inappropriate to dismiss claims against the City Employees without giving Plaintiff the opportunity to attempt proper service in light of his *pro se* status. While even *pro se* litigants must follow the same rules of procedure that govern other litigants, *United States v. Merrill,* 746 F.2d at 465, Plaintiff did make an attempt to effectuate service within the deadline established by the Court. The Court will therefore extend the time for Plaintiff to serve the City Employees. *See In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001) ("Courts have

///

discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice.")

Plaintiff may utilize any of the methods of service under Rule 4(e) as explained in this order. Alternatively, Plaintiff may request a waiver of service pursuant to Rule 4(b), or Plaintiff may ask counsel for City Defendants to accept service on behalf of the City Employees although there is no legal obligation to do so. The Court will give Plaintiff an additional sixty (60) days to file amended proof of service of process on the City Employees. This deadline will not be extended. Failure to file amended proof of service within this deadline will result in dismissal of claims against the City Employees.

## VI.    **SMITH**'S MOTION

Plaintiff alleges that Defendant Brian Smith was one of the two public defenders appointed to represent him in connection with the false DUI charge. (Dkt. no. 19 at 10.) According to Plaintiff, Smith failed to properly defend Plaintiff and to adequately represent him in connection with his appeal, including failing to appear at a hearing, to notify Plaintiff of a bench warrant for his arrest and to notify Plaintiff of a decision on his appeal. (*Id.* at 10-11.) While Plaintiff makes general allegations about ineffective assistance of counsel and malicious prosecution, it is not clear from the Complaint what legal claims he is asserting against Smith. Smith's Motion seeks dismissal on two grounds — insufficient service of process and lack of subject matter jurisdiction.

Plaintiff utilized the same improper method to serve Smith — by delivering a copy of the Summons and Complaint to the Deputy City Clerk. (Dkt no. 31.) Thus, service on Smith was improper under Rule 4(e).

Smith also argues that the Court lacks subject matter jurisdiction because even accepting the allegations in the Complaint as true, Smith was acting as a private person and did not act under color of state law. (Dkt. no. 36 at 4-5.) The Court agrees that Plaintiff cannot state a claim against Smith.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*,

490 U.S. 386, 393-94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49-50 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" within the meaning of § 1983.

Plaintiff alleges that Smith was his appointed public defender and was negligent in representing Plaintiff in connection with the DUI charge and his appeal of his conviction. (Dkt. no. 19 at 10-11.) Even accepting Plaintiff's allegations as true, Plaintiff's § 1983 claims against Smith are based on Smith's role as his public defender. Plaintiff thus cannot establish that Smith was acting "under color of state law" sufficient to subject him to liability under § 1983. Accordingly, Plaintiff fails to state a claim against Smith.

In sum, even setting aside Plaintiff's failure to properly serve Smith, Plaintiff cannot state a claim against Smith. The Court will therefore grant Smith's Motion.

**VII.   CONCLUSION**

It is therefore ordered that the following motions filed by Plaintiff are denied: (1) motion for competency evaluation (dkt. no. 54); (2) motion to stay Defendants' motions to dismiss (dkt. no. 55); (3) motion for Rule 17(c) protection (dkt. no. 56); (4) motion for court appointed counsel (dkt. no. 57); (5) motion for change of judge (dkt. no. 58); and (6) motion for extension (dkt. no. 60).

1  It is further ordered that Defendant Brian Smith's motion to dismiss (dkt. no. 36) is granted. Claims against Smith are dismissed with prejudice. The Clerk is directed to issue judgment accordingly.

It is further ordered that Defendants' partial motion to dismiss (dkt. no. 38) is denied. Plaintiff will be given up to and including February 12, 2016, to file amended proof of service on the following City Defendants: Detention Officer Amati, Detention Officer Sergeant Bennell, Booking Detention Officer Burke, Department of Detention and Enforcement Chief Karen M. Coyne and Detention Classification Officer Roy. This deadline will not be extended. Failure to file amended proof of service within this deadline will result in dismissal of claims against these City Defendants

DATED THIS 14th day of December 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE