UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

GREGORY K. ADAMSON,

    Plaintiff,

v.

AMATI, et al.,

    Defendants.

Case No. 2:11-cv-00781-MMD-CWH

ORDER

On December 14, 2015, this Court issued an order giving Plaintiff up to and including February 12, 2016, to file an amended proof of service for the following City Defendants: Detention Officer Amati, Detention Officer Sergeant Bennell, Booking Detention Officer Burke, Department of Detention and Enforcement Chief Karen M. Coyne and Detention Classification Officer Roy. (Dkt. no. 64 at 9.) The deadline has now expired and Plaintiff has not filed an amended proof of service.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

*Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's Order requiring Plaintiff to file Amended Proof of Service by February 12, 2016, expressly stated: "It is further ordered that . . . Plaintiff will be given up to and including February 12, 2016, to file amended proof of service on the following City Defendants: Detention Officer Amati, Detention Officer Sergeant Bennell, Booking Detention Officer Burke, Department of Detention and Enforcement Chief Karen M. Coyne and Detention Classification Officer Roy. This deadline will not be

extended. Failure to file amended proof of service within this deadline will result in dismissal of claims against these City Defendants." (Dkt. no. 64 at 9.) Despite this clear deadline, Plaintiff filed several motions to raise issues he previously raised, including a request to extend the deadline for him to file a more thorough objection. (Dkt. nos. 67, 68, 69, 70, 71.)  The Court denied these motions on March 2, 2016.  (Dkt. no. 78.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to comply with the Court's Order (dk. no. 64) directing Plaintiff to file amended proof of service against the City Defendants by February 12, 2016.

The Clerk is directed to close this case.

DATED THIS 22nd day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE